IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 26-cr-40058-JPG |
| vs. | ) | |
| | ) | Title 18, United States Code, |
| EVONNE STEPHENSON, | ) | Section 1347 |
| | ) | |
| Defendant. | ) | |

**INFORMATION**

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT ONE**

**Health Care Fraud**
**18 U.S.C. § 1347**

1. Beginning at least as early as in or about January 2020, and continuing at least as late as in or about December 2024, in the Southern District of Illinois, and elsewhere, the defendant,

**EVONNE STEPHENSON,**

did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud health care benefit programs, that is, Medicare, Medicaid, TRICARE, and private insurers such as Blue Cross Blue Shield and Aetna, and to obtain money and property owned by, and under the custody and control of, said health care benefit programs, by means of materially false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items, and services.

2. At all times Relevant to this Information

a. The defendant, **EVONNE STEPHENSON,** was registered in the State of Illinois as the President and Secretary of Therapeutic Education and Career Services, Inc., (TECS) doing

business under various names including "Life Thrive," with clinical offices in Marion, Illinois and Mt. Vernon, Illinois.

b. Defendant **STEPHENSON** was licensed to the State of Illinois as a Licensed Clinical Professional Counselor (LCPC) providing services to beneficiaries of Medicare, Medicaid, Tricare, and private insurers including Blue Cross Blue Shield.

Federal Health Care Programs -- Medicare, Medicaid, and TRICARE

c. Medicare, Medicaid, and TRICARE are each "health care benefit programs" as defined in Title 18, United States Code, Section 24(b), and "Federal health care programs," as defined in Title 42, United States Code, Section 1320a-7b(f). Medicare provides health insurance benefits primarily to individuals over the age of 65 and certain individuals with disabilities; Medicaid is a joint federal-state program providing health insurance benefits primarily to low-income individuals, families, pregnant women, children, the elderly, and people with disabilities; and TRICARE provides health insurance benefits to active duty service members, retirees, members of the National Guard and Reserve, and their eligible family members and survivors. Medicare and Medicaid are administered by the U.S. Department of Health and Human Services ("HHS") through its agency, the Centers for Medicare and Medicaid Services ("CMS"), with Medicaid administered in cooperation with state agencies; TRICARE is administered by the U.S. Department of Defense ("DoD") through its agency, the Defense Health Agency ("DHA"). Individuals receiving benefits under these programs are referred to as "beneficiaries" or "recipients."

Private Health Insurers Such as Blue Cross Blue Shield and Aetna

d. Private health insurers, such as plans offered by Blue Cross Blue Shield associations ("BCBS") and Aetna are "health care benefit programs" as defined in Title 18,

United States Code, Section 24(b). These insurers provide health insurance benefits through employer-sponsored plans, individual policies, or other private arrangements to covered individuals and their dependents. Aetna is a single, large, for-profit health insurer owned by CVS Health. BCBS plans are operated by independent, locally licensed companies that are part of the Blue Cross Blue Shield Association. Individuals receiving benefits under such private insurance plans are referred to as "members," "subscribers," or "insureds."

Current Procedural Terminology ("CPT Codes") and Reimbursement

e. Providers seeking reimbursement from federal programs such as Medicare, Medicaid, or TRICARE, or from private insurers such as BCBS and Aetna, are required to certify, through contractual agreements, that their reported services were actually provided and medically necessary. Under the rules of such private insurers, health care services are medically necessary if they meet accepted standards of medical practice and are appropriate to prevent, diagnose, or treat an illness, injury, condition, disease, or its symptoms. Not all services that might be beneficial to a person's health are considered medically necessary.

f. Medicare, Medicaid, and TRICARE, as well as private insurers such as BCBS and Aetna, use Current Procedural Terminology ("CPT") codes, often in conjunction with Healthcare Common Procedure Coding System ("HCPCS") codes where applicable, for the billing and reimbursement of claims. CPT codes are medical procedure codes produced and maintained by the American Medical Association. Each CPT code is assigned to a specific task or service. The purpose of using CPT codes is to enable accurate, consistent, and uniform reporting of medical, surgical, and diagnostic services to health care benefit programs.

Transcranial Magnetic Stimulation

g. Transcranial Magnetic Stimulation ("TMS"), specifically repetitive TMS ("rTMS"), is a non-invasive outpatient procedure that uses magnetic fields to stimulate nerve cells in targeted areas of the brain. TMS is FDA-approved for the treatment of major depressive disorder in adults whose symptoms have not adequately responded to prior antidepressant medications, and for certain other indications including obsessive-compulsive disorder. A typical course of TMS therapy involves an initial session followed by multiple subsequent treatment sessions over several weeks.

h. Billing for TMS services is governed by specific Current Procedural Terminology ("CPT") codes established by the American Medical Association. CPT code 90867 is used for the initial TMS treatment session, which includes cortical mapping, motor threshold determination, delivery of treatment, and management. CPT code 90868 is used for each subsequent TMS treatment session involving delivery and management. CPT code 90869 is used in limited circumstances for subsequent sessions requiring motor threshold re-determination with delivery and management. These codes reflect professional services that include physician oversight.

i. Reimbursement rates for TMS services under Medicare, Medicaid, TRICARE, and private health insurers vary depending on the level of physician involvement. The initial TMS session (CPT 90867) and any session requiring motor threshold re-determination (CPT 90869) typically require the personal performance or direct involvement of a licensed physician. Subsequent treatment sessions (CPT 90868) must be furnished under the direct supervision of a physician (meaning the physician is immediately available in the office suite during the procedure). Claims submitted using these CPT codes certify that the billed services were provided in accordance with applicable program rules, including required physician presence or supervision, and that the higher reimbursement associated with physician involvement is

warranted only when such involvement actually occurs to enable accurate, consistent, and uniform reporting of medical, surgical, and diagnostic services to entities such as health insurance companies and health care benefit programs.

Psychotherapy and Biofeedback

j. Psychotherapy is a covered outpatient mental health service involving face-to-face verbal interaction between a qualified mental health professional and a patient to treat mental illness and behavioral disturbances, reduce symptoms, improve functioning, and promote psychological flexibility. Biofeedback, in contrast, is a distinct modality that trains patients to gain voluntary control over physiological processes (such as muscle tension, heart rate, or skin temperature) through real-time monitoring and feedback, typically using electronic devices. Biofeedback is not a form of psychotherapy and, under Medicare's National Coverage Determination (NCD 30.1), is covered only for specific physical conditions (such as muscle re-education or urinary incontinence) after failure of conventional treatments; it is not covered for psychiatric, psychosomatic, or ordinary muscle tension conditions. Similar restrictions apply under Medicaid (which follows Medicare guidelines in many states), TRICARE (which excludes biofeedback for psychosomatic conditions), and many private insurers such as Blue Cross Blue Shield (which often deem biofeedback for mental health indications investigational or not medically necessary).

k. Billing for psychotherapy services is governed by Current Procedural Terminology ("CPT") codes established by the American Medical Association, including CPT codes 90832 (approximately 30 minutes), 90834 (approximately 45 minutes), and 90837 (approximately 60 minutes). These codes are used for standalone verbal psychotherapy sessions. Biofeedback services, when covered, are billed using separate CPT codes, such as 90901 (biofeedback training

by any modality) or 90912/90913 (biofeedback training involving pelvic floor procedures). Distinct codes exist for sessions combining biofeedback with psychotherapy, such as CPT 90875 (approximately 20-30 minutes) and 90876 (approximately 45-50 minutes), though these are generally not covered under Medicare for psychiatric indications. Claims submitted using psychotherapy CPT codes certify that verbal psychotherapy was provided, not merely biofeedback training.

l. Qualified providers who may independently bill Medicare, Medicaid, TRICARE, and private insurers for psychotherapy services include physicians (including psychiatrists), clinical psychologists, clinical social workers, licensed professional counselors, licensed marriage and family therapists, and licensed mental health counselors who meet applicable enrollment and licensure requirements. Under Medicare guidance, as set forth in the Medicare Benefit Policy Manual, Chapter 15, Section 60.1, certain psychotherapy services may be furnished "incident to" a physician's professional services and billed under the physician's National Provider Identifier ("NPI") at the higher physician fee schedule rate when performed by auxiliary personnel under direct physician supervision, with the physician personally performing the initial evaluation, establishing the treatment plan, and remaining actively involved. Biofeedback, when covered, may be performed by physicians, non-physician practitioners, or qualified auxiliary personnel under appropriate supervision, but reimbursement rates are generally lower than those for psychotherapy, and it may not be billed using psychotherapy codes. Claims submitted using psychotherapy CPT codes—including under a physician's NPI—for services to Medicare, Medicaid, TRICARE, or private insurers such as Blue Cross Blue Shield and Aetna, certify compliance with applicable program and contractual rules, including the provision of actual psychotherapy by qualified personnel warranting the higher reimbursement rate.

The Fraudulent Scheme

3. It was the object of the scheme to defraud that **STEPHENSON** would receive Medicare, Medicaid, TRICARE, and private insurer payments for medical services that were not actually provided as billed.

4. In furtherance of the scheme to defraud, **STEPHENSON** submitted and caused the submission of false and fraudulent claims using CPT 90868 for repetitive transcranial magnetic stimulation (TMS) treatments, representing that a licensed physician provided the required oversight or direct supervision for the treatments, when in truth and fact, while a physician was present for each patient's initial TMS session, no physician was physically present in the office suite or immediately available during subsequent TMS treatment sessions as required, thereby causing Medicare, Medicaid, TRICARE, and private insurers to pay higher reimbursement rates than would have been payable absent the required physician involvement.

5. As further part of the scheme to defraud, **STEPHENSON** submitted and caused the submission of false and fraudulent claims for psychotherapy services under the National Provider Identifier (NPI) of a physician, representing that the services were furnished "incident to" the physician's professional services with the required physician evaluation, treatment plan, and direct supervision, when in truth and fact the physician did not perform the initial evaluation, did not establish or remain involved in the treatment plan, and was not present to provide direct supervision, thereby causing Medicare, Medicaid, TRICARE, and private insurers to pay at a higher rate than they otherwise would have been entitled to pay.

6. As further part of the scheme to defraud, **STEPHENSON** submitted and caused the submission of false and fraudulent claims using CPT codes 90832, 90834, and 90837, representing that biofeedback sessions were psychotherapy services, when in truth and fact the sessions

consisted solely or primarily of biofeedback and did not involve verbal psychotherapy, thereby causing Medicare, Medicaid, TRICARE, and private insurers to pay higher reimbursement rates for purported psychotherapy than were warranted for biofeedback or to pay for services that were not covered or reimbursable as billed.

7. As a result of the scheme to defraud, **STEPHENSON** received payments from Medicare, Medicaid, TRICARE, and private insurers, including BCBS and Aetna, to which she was not entitled because Medicare, Medicaid, TRICARE, and private insurers, relying on **STEPHENSON'S** materially false and fraudulent representations, paid claims that **STEPHENSON** had submitted and caused to be submitted.

8. Among the false claims, on or about September 6, 2023, in Jefferson County, in the Southern District of Illinois, defendant,

**EVONNE STEPHENSON,**

knowingly and willfully executed the above-described scheme and artifice to defraud, by submitting and causing to be submitted a materially false claim to Medicare for Transcranial Magnetic Stimulation performed on patient D.H. under CPT Code 90868, claiming on-site physician supervision by Doctor J.B. on September 6, 2023, when in fact, Doctor J.B. was out of the country, and **STEPHENSON** knew that no such on-site physician supervision was provided.

All in violation of Title 18, United States Code, Section 1347.

## FORFEITURE ALLEGATION

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States hereby gives notice to the defendant that, upon conviction of the offense charged in this Indictment, in violation of Title 18, United States Code, Section 1347, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived, directly or indirectly, from

gross proceeds traceable to the commission of the offense.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture described above.

UNITED STATES OF AMERICA,

Digitally signed by STEVEN WEINHOEFT
Date: 2026.08.19 17:39:15 -05'00'

STEVEN D. WEINHOEFT
United States Attorney

Kevin F. Burke

KEVIN BURKE
Assistant United States Attorney

Recommended Bond: Release on own recognizance.